(43 South. 641.)

No. 16,591.

NEW ORLEANS REAL ESTATE MORTG. & SECURITY CO. v. CARROLLTON LAND CO., Limited.

(April 29, 1907.)

1. VENDOR AND PURCHASER—DEFECT IN TITLE.
Suit to compel defendants to take title.

The missing link in plaintiff's chain of title to property sold by it to defendant has been supplied. The title is complete, and one that defendant is safe in taking.

2. APPEAL—REVIEW.
There was no question regarding the costs. (Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; Fred Durieve King, Judge.

Action by the New Orleans Real Estate Mortgage & Security Company against the Carrollton Land Company, Limited. Judgment for plaintiff. Defendant appeals. Affirmed.

James J. McLaughlin, for appellant. Howe, Fenner, Spencer & Cocke, for appellee.

BREAUX, C. J. This is a suit brought by plaintiff to compel the defendant to accept the title tendered to property fully described in plaintiff's petition.

According to the terms of the contract, the defendant company agreed to pay, and plaintiff agreed to accept, for the property described in plaintiff's petition, $130,000 in cash in addition to other considerations stated in plaintiff's petition.

Defendant admits that it entered into the contract, and avers that it is willing to accept title and to go into possession and to pay the price, but insists upon a good and valid title.

On the score of title, the complaint of defendant is that the property was acquired by plaintiff by mesne conveyance from the Mississippi Valley Company; that the Mississippi Valley Company averred that it had acquired from the Financial Improvement Company by an act under private signature, dated June 13, 1893. The original was lost, and the act was not recorded.

The act being lost, in October, 1904, the Financial Improvement Company, having been authorized at a meeting of the board of directors of that company, acknowledged the deed of sale and ratified it completely.

The defendant company did not consider the ratification sufficient by reason of the fact that this company was chartered by the

Legislature of Colorado on September 16, 1882, for 20 years (its life) under the terms of the charter.

It will be borne in mind that the ratification was made in 1904, over 20 years after the date of the company's charter.

The defendant, fearing that the attempt to validate the title after the time limit of the company's existence as before stated was insufficient to secure a good title, declined to accept the title as ratifying the deed tendered.

Plaintiff then applied itself to supply the missing document by producing oral testimony, after having tendered proper evidence and laid proper foundation for its admission.

Mr. Girault Farrar, formerly attorney for the Mississippi Valley Railroad Company, testified that there was a deed of sale from the Financial Improvement Company to the Mississippi Valley Railroad Company; that this deed was in the office of his firm; that in some way it became mislaid. He states specifically:

"I recollect that the original was signed by Gates, president, and Davis as secretary, of the Financial Improvement Company, and there was attached to it a resolution of the board of directors of the Financial Improvement Company authorizing the president and secretary to execute the deed.
"It was through the oversight or neglect of some one that the deed was not registered in the conveyance office. It was intended to be done, I know."

In reference to this deed, Mr. Leake, attorney for the Illinois Central Railroad, testified that it was mislaid in their office; that is, the office of Farrar, Leake & Lemle, referred to by the first witness.

Particulars are given by the witness making it quite evident that there was such a deed, and that it is lost.

He further testified that the property was in the possession of the Mississippi Valley Company at the time that it was sold to Ansley.

Mr. Ferry, another witness, clerk in the office of the firm and in a position to know, testified and gave particulars in full regarding the missing deed.

Messrs. Spellman, Gates, and Davis, who knew all about this deed, testified that there was such a deed.

There was not the least break in the testimony. It abundantly appears that there was such a deed.

Its loss having been supplied and a due registry made, it certainly leaves no room for the contention that the title is defective. It is as valid as any title can be made, and is as fully made out as it is possible to make up for a lost deed.

For the purpose the oral testimony was admissible.

We have found no defect in the title.

For reasons assigned, the judgment appealed from is affirmed, at appellant's cost.

There was no issue of costs in the case. The judgment is affirmed as above.